IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FELIPE HERNANDEZ,

        Plaintiff,

vs.                                                CIVIL NO. 12-493 MCA/LFG

STATE OF NEW MEXICO, Officer
STAN LUNDY, and BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF BERNALILLO,

        Defendants.

## ORDER DENYING PLAINTIFF'S REQUEST
## FOR ADDITIONAL DISCOVERY

On September 27, 2012 County Defendant filed a Motion to Dismiss and Supporting Memorandum [Doc. 29]. The Motion to Dismiss is directed to the trial judge, the Honorable M. Christina Armijo. In his Response in Opposition, Plaintiff Felipe Hernandez ("Hernandez") argues that the Court should allow discovery under Fed. R. Civ. P. 56(d) prior to consideration of Defendant's motion [Doc. 39, at 3]. As requests for discovery are directed to the referral magistrate judge, the undersigned Magistrate Judge will rule only on that portion of Hernandez's response. For the reasons hereafter stated, Hernandez's request under Rule 56(d) is DENIED.

### Analysis

County Defendant's motion is not one for summary judgment based on Fed. R. Civ. P. 56, but, rather, it is a motion brought under Fed. R. Civ. P. 12(b)(6), which tests the sufficiency of the Complaint, *see* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). Discovery is not necessary for the trial judge to determine whether the Complaint, as stated, presents an actionable claim for relief.

If County Defendant had filed a motion for summary judgment, and the non-moving party believed that he/she was still conducting discovery or for some other reason was not ready to make a showing of the existence of a genuine and material factual dispute, the non-moving party could file an affidavit under Fed. R. Civ. P. 56(d) explaining why a ruling on summary judgment should be postponed. When 56(d) is properly invoked, it serves to abate a hasty swing of the "summary judgment axe." *See* Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007). An affidavit is required under Tenth Circuit precedent. McKissick v. Uon, 618 F.3d 1177, 1190 (10th Cir. 2010).

In this case, Hernandez did not file an affidavit, but, instead, merely argued that Chief Judge Armijo should stay action on the motion to dismiss. Generally, simply arguing that a motion is premature or that discovery is not complete, is insufficient to forestall a ruling. In Ben Ezra, Weinstein & Co. v. America Online, Inc., 206 F.3d 980, 987 (10th Cir.), *cert denied*, 531 U.S. 824 (2000), our circuit indicated that a party seeking to obtain discovery prior to a dispositive ruling must specify exactly what discovery the party wishes to take, and, more importantly, demonstrate how the expected evidence would defeat the moving party's *prima facie* showing. Hernandez's mere arguments requesting discovery fail to meet the Ben Ezra standards.

As this is a Rule 12(b)(6) motion rather than one under Rule 56, the request for discovery is denied. However, should the trial judge convert Defendant's 12(b)(6) motion into one for summary judgment, the trial judge, on her own determination, may authorize discovery or, alternatively, refer the issue of discovery back to the undersigned Magistrate Judge for additional consideration.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge